FILED BY CLERK

APR -1 2005

COURT OF APPEALS
DIVISION TWO

IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2003-0123 |
| Appellee, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| TYLA NAUREEN POSHKA, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20022605

Honorable Kenneth Lee, Judge
Honorable Paul E. Tang, Judge

AFFIRMED

Terry Goddard, Arizona Attorney General
  By Randall M. Howe and Alan L. Amann                                  Tucson
                                                          Attorneys for Appellee

Isabel G. Garcia, Pima County Legal Defender
  By Alex D. Heveri                                                    Tucson
                                                          Attorneys for Appellant

E S P I N O S A, Judge.

**¶1** Appellant Tyla Poshka was convicted after a jury trial of one count of aggravated driving under the influence of alcohol (DUI) with a suspended or revoked driver's license and one count of aggravated driving with a blood alcohol concentration (BAC) of .08 or more with a suspended or revoked driver's license. The trial court suspended the imposition of sentence and imposed concurrent, five-year terms of probation. Poshka contends the legislature's amendment to A.R.S. § 28-1381 is unconstitutionally vague and overbroad and violates her due process rights. Finding no constitutional infirmity to the statute, we affirm.

## Factual and Procedural History

**¶2** We view the facts in the light most favorable to sustaining the jury verdicts and resolve all reasonable inferences against the appellant. *See State v. Riley*, 196 Ariz. 40, 992 P.2d 1135 (App. 1999). Tucson Police Officer Nielsen stopped Poshka late one evening in August 2002 after he observed her make an improper, wide right turn. He noticed that her eyes were bloodshot and watery, her face was flushed, and her speech was slurred. He also noticed the odor of alcohol on her breath. Poshka admitted she did not have a license and had been drinking. After she stepped out of the car, Nielsen noticed she swayed back and forth as she stood. She exhibited six out of a possible six cues on the horizontal gaze nystagmus test that Nielsen administered, and he then arrested her. The results from breath tests, taken minutes apart, indicated that her BAC was .099 and .094.

## Constitutionality of A.R.S. § 28-1381

¶3 Poshka challenges the constitutionality of the statute under which she was convicted, § 28-1381, on the grounds that it is both vague and overbroad. We review *de novo* the constitutionality of a statute, *State v. McMahon*, 201 Ariz. 548, 38 P.3d 1213 (App. 2002), and, if possible, construe the statute to give it a constitutional meaning. *State v. Bonnewell*, 196 Ariz. 592, 2 P.3d 682 (App. 1999); *see State v. Klausner*, 194 Ariz. 169, 172, 978 P.2d 654, 657 (App. 1998) ("We will uphold a statute if we can imagine any set of facts which rationally justifies it."). Subsection (A)(2) of § 28-1381 provides, in relevant part, that it is unlawful for a person to drive a vehicle if that person "has an alcohol concentration of .08 or more within two hours of driving . . . and the alcohol concentration results from alcohol consumed either before or while driving."

Vagueness

¶4 Poshka first argues the statute fails to provide adequate notice of the conduct it prohibits and permits arbitrary and discriminatory enforcement, making the law unconstitutionally vague. Both arguments are grounded in the statute's alleged deficiency whereby, Poshka maintains, a person of ordinary intelligence is unable to know the precise moment when his or her BAC has reached the prohibited level of .08, because various factors affect the rate and time at which alcohol is absorbed into one's bloodstream.

¶5 A statute is unconstitutionally vague if it fails to provide "person[s] of ordinary intelligence a reasonable opportunity to know what is prohibited" and fails to contain explicit standards of application to prevent arbitrary and discriminatory enforcement.

3

*Grayned v. City of Rockford*, 408 U.S. 104, 108-09, 92 S. Ct. 2294, 2298-99, 33 L. Ed. 2d 222, 227 (1972); *State v. Brown*, 207 Ariz. 231, 85 P.3d 109 (App. 2004). As the state notes, in *Fuenning v. Superior Court*, 139 Ariz. 590, 680 P.2d 121 (1983), our supreme court addressed and rejected an argument virtually identical to the one Poshka poses here. In *Fuenning*, the defendant challenged the basic DUI statute in existence at the time of his arrest, former A.R.S. § 28-692, which proscribed driving "while there is .10 per cent or more . . . of alcohol in the person's blood." Rejecting the concept that the statute inhibits any fundamental constitutional right, such as a right to ingest alcohol and then drive a vehicle, the court applied a traditional "vagueness" analysis and determined that, because the statute provided fair notice of what constituted a punishable BAC level, "it should not be declared void for vagueness simply because it may be difficult for the public to determine how far they can go before they are in actual violation" of the law. *Fuenning*, 139 Ariz. at 598, 680 P.2d at 129. The court further explained:

> While [a] driver may not be able to determine that his BAC is .10%, rather than .099%, such precision is not required to prevent the statute from being declared vague. Due process requires neither perfect notice, absolute precision nor impossible standards. It requires only that the language of a statute convey a definite warning of the proscribed conduct.

*Id.*[1]

¶6 We can discern no meaningful difference between the argument Poshka now makes and the one addressed in *Fuenning*. And Division One of this court has likewise

---

[1]An amendment to A.R.S. § 28-1381 reduced the threshold alcohol concentration from .10 to .08, effective September 1, 2001. 2001 Ariz. Sess. Laws, ch. 95, § 5.

rejected a vagueness challenge to former § 28-692(A)(2). *State v. Martin*, 174 Ariz. 118, 122, 847 P.2d 619, 623 (App. 1992) (proscription against driving with a BAC of .10 or greater within two hours of driving, "when read as a whole, precisely defines the conduct that subjects a person to imposition of a criminal sanction"). We, therefore, reject Poshka's contention that § 28-1381 provides inadequate notice of the conduct it proscribes.

¶7 Poshka also claims the statute permits arbitrary and discriminatory enforcement because an individual's BAC result can vary depending on the time the test is performed, investing in police officers "unfettered discretion" in determining when to perform the test to maximize the likelihood of a higher BAC result. *See Kolender v. Lawson*, 461 U.S. 352, 358, 103 S. Ct. 1855, 1858, 75 L. Ed. 2d 903, 909 (1983) (statute is impermissibly vague if it delegates to law enforcement officers "virtually complete discretion" in determining whether statutory violation occurred). In response to a similar argument, the court in *Fuenning* acknowledged that "results from a test administered after a significant period of time . . . or which are subject to other factors creating scientific inaccuracy" may inject evidentiary problems, but the court determined that those are matters for the fact-finder to resolve, and rejected the contention. That reasoning is applicable here.

¶8 Moreover, as the state observes, the statute proscribes driving with a BAC of .08 or greater "within two hours of driving." § 28-1381(A)(2). Rather than being susceptible to arbitrary enforcement, the statute's terms are unambiguous and precise in identifying the prohibited conduct—having a BAC of .08 or higher within two hours of driving a vehicle. Far from being vague, the two-hour provision satisfies due process by

advising that criminal penalties exist for those who risk getting behind the wheel of a car after consuming a substantial amount of alcohol. *Martin*. We therefore disagree with Poshka that the statute's terms are so inexplicit as to grant law enforcement officers an undue measure of discretion. *Cf. Kolender*, 461 U.S. at 353, 103 S. Ct. at 1856, 75 L. Ed. 2d at 906 (statute allowing officers to arrest loiterers who fail to provide "credible and reliable" identification deemed unconstitutionally vague due to officers' unbridled discretion in assessing identification's sufficiency). Accordingly, we reject Poshka's challenges on vagueness grounds to § 28-1381.

Overbreadth

¶9     Poshka also contends § 28-1381 is unconstitutionally overbroad, insisting that, because "driving with a BAC under .08 is not expressly illegal, the legislature cannot make it so by testing the defendant two hours later," and that to do so casts "too wide a net" that includes both illegal and legal conduct. *See Brown* (overbroad statutes are ones designed to punish activities that are not constitutionally protected, but include within their scope activities that are constitutionally protected). As the state correctly observes, however, Poshka lacks standing to bring an overbreadth claim here because she has not alleged that § 28-1381(A)(2) "substantially infringes upon protected First Amendment freedoms or that [s]he is a member of a class of 'innocent defendants.'" *Martin*, 174 Ariz. at 123, 847 P.2d at 624; *see Brown*. In response to an identical argument made in *Cacavas v. Bowen*, 168 Ariz. 114, 811 P.2d 366 (App. 1991), we held that, because the petitioners' challenge to the DUI statute did not implicate First Amendment rights, they were without standing to

6

challenge the statute as unconstitutional when applied to parties who were not before the court. *See Cacavas*, 168 Ariz. at 118, 811 P.2d at 370 ("We do not believe that either drinking or driving are fundamental rights."). Therefore, we do not address this argument further.

Elimination of Affirmative Defense in § 28-1381(C)

**¶10** Until recently, § 28-1381 contained, in relevant part, the following additional provision:

> It is an affirmative defense to a charge of a violation of subsection A, paragraph 2 of this section if the person did not have an alcohol concentration of 0.10 or more at the time of driving . . . . If a defendant produces some credible evidence that the defendant's alcohol concentration at the time of driving . . . was below 0.10, the state must prove beyond a reasonable doubt that the defendant's alcohol concentration was 0.10 or more at the time of driving . . . .

*See* 2000 Ariz. Sess. Laws, ch. 153, § 1. The legislature had removed that portion of the statute by the time Poshka committed her offenses. *See* 2001 Ariz. Sess. Laws, ch. 95, § 5. Poshka argues, as she did below in a motion to dismiss the charges against her, that the legislature's elimination of the affirmative defense clause renders § 28-1381(A)(2) violative of due process because the statutory proscription against having a BAC of .08 within two hours of driving is no longer rationally related to furthering a legitimate governmental interest. We disagree.

**¶11** Poshka relies on language from *Martin* to argue that § 28-1381's affirmative defense provision was the indispensable portion of the statute that saved its constitutionality. In that case, in evaluating the defendant's allegation that the proscription against having a

BAC of .10 or greater within two hours of driving was unconstitutionally vague, Division One noted that, "if one consumes alcoholic beverages within two hours after driving, with a BAC of 0.10 or more within the two-hour period but not at the time of driving, that fact may establish an affirmative defense." 174 Ariz. at 122, 847 P.2d at 623. A fair reading of that language, however, indicates that the court was simply responding to the defendant's contention that the statute could theoretically encompass an individual who consumed alcohol *after* driving. But § 28-1381(A)(2) proscribes having a BAC of .08 or more within two hours of driving when that BAC "results from alcohol consumed either *before or while* driving." (Emphasis added.) Indeed, that provision was added to § 28-1381 contemporaneously with the removal of the affirmative defense. 2000 Ariz. Sess. Laws, ch. 4, § 2. Although the affirmative defense served a purpose in the context of the previous version of the statute, which more broadly proscribed having a BAC of .10 or greater "within two hours of driving," *see* 2000 Ariz. Sess. Laws, ch. 153, § 1, that function is no longer necessary given the statutory changes that exclude alcohol consumed after driving from the ambit of the current version of the DUI statutes.

¶12     Under the current statute, that a defendant's BAC at the precise time of driving may not have reached the proscribed level is irrelevant. Rather, a defendant's BAC need only have reached .08 *within two hours* of driving. § 28-1381(A)(2); *see also Sereika v. State*, 955 P.2d 175, 179 (Nev. 1998) (upholding constitutionality of similar statute, finding "a defendant's blood alcohol level at the time of driving is simply irrelevant" to his violation of the statute; legislature may prohibit having a BAC of .10 or more within two hours after

8

driving). Consequently, Poshka's contention that "the legislature has extinguished the need for the State to prove beyond a reasonable doubt that the defendant violated the statute at the time of driving" is of no moment. The state's burden of proving beyond a reasonable doubt that a defendant has violated § 28-1381 has not changed; only the means by which the statute is violated has changed. Poshka's contention that the statute "creates an irrational and irrebuttable presumption of guilt" similarly fails because the two-hour rule is not a presumption, but, rather, a definition of the offense. The state has not been relieved from proving that the defendant's BAC was .08 or greater within two hours of driving. *See Martin; Cacavas; see also State v. Crediford*, 927 P.2d 1129 (Wash. 1996) (driver's BAC at time of driving not element under DUI statute that prohibits having a BAC of .10 or greater within two hours after driving).

¶13 We reject Poshka's contention that, absent the affirmative defense, § 28-1381 no longer survives rational basis review. The legislature may prescribe what conduct is or is not lawful. *Cacavas*. The creation of the crime of having a blood alcohol level of .10 percent or greater—now .08 or greater—within two hours of driving a motor vehicle was within the purview of the legislature's broad police power. *See id.; see also Werner v. Prins*, 168 Ariz. 271, 812 P.2d 1089 (App. 1991) (legislation, requiring license suspension for any driver with .10 or greater BAC, enacted pursuant to police power bears reasonable relation to legitimate state interest in addressing significant harm intoxicated drivers pose); *State v. Chirpich*, 392 N.W.2d 34 (Minn. Ct. App. 1986) (recognizing legislative, not judicial, duty to define DUI elements). Given the state's strong public policy interest in

9

preventing loss of life occasioned by alcohol-related traffic accidents, the legislature could rationally conclude that the two-hour window delineated in § 28-1381(A)(2) is a necessary method of addressing that concern. *Fuenning; Cacavas*. The state's interest, characterized as "compelling" in *Fuenning*, *a fortiori* satisfies the rational basis standard. 139 Ariz. at 595, 680 P.2d at 126. The "logical connection" between the statute and its underlying purpose that Poshka asserts is absent here is, quite distinctly, a discrete period of time—two hours—within which it can be said that one's ability to safely operate a vehicle has been compromised by a defined level of alcohol consumption, and an implicit recognition that it is never possible to test a driver's BAC until after he or she has stopped driving. *See Flemming v. Nestor*, 363 U.S. 603, 611, 80 S. Ct. 1367, 1373, 4 L. Ed. 2d 1435, 1445 (1960) ("[T]he Due Process Clause can be thought to interpose a bar only if the statute manifests a patently arbitrary classification, utterly lacking in rational justification.").

¶14 Poshka concludes her argument by reviewing other jurisdictions' approaches to similar DUI statutes that, she contends, support her position. *See State v. Baker*, 720 A.2d 1139 (Del. 1998) (holding similar statute impermissibly shifts burden of proof to defense); *Commonwealth v. Barud*, 681 A.2d 162, 166 (Pa. 1996) (holding statute similar to former § 28-692(A)(2) unconstitutionally vague and overbroad because it "completely fails to require any proof that the accused's blood alcohol level actually exceeded the legal limit *at the time of driving*") (emphasis in original); *Crediford* (holding affirmative defense provision of similar statute that shifts burden of proof to defense unconstitutional). That other courts have reached conclusions contrary to Arizona's courts based on interpretations

10

of their different state statutes does not alter our view that the Arizona decisions are correct. And none of the cases Poshka cites supports her contention that the legislature's elimination of the affirmative defense provision in particular renders the Arizona statute unconstitutional.

**Disposition**

¶15    For the foregoing reasons, Poshka's convictions and the imposition of probationary terms are affirmed.


_____
PHILIP G. ESPINOSA, Judge

CONCURRING:


_____
JOHN PELANDER, Chief Judge


_____
M. JAN FLÓREZ, Presiding Judge