313 P.3d 543

**STATE of Arizona, Appellee,**

v.

**Lori Dawn Bayless GEORGE, Appellant.**

**No. 1 CA–CR 12–0558.**

Court of Appeals of Arizona,
Division 1.

Nov. 26, 2013.

Attorney General's Office, By Joseph T. Maziarz, Jana Zinman, Phoenix, for Appellee.

Maricopa County Public Defender's Office, By Terry Reid, Phoenix, for Appellant.

## OPINION

HOWE, Presiding Judge.

¶ 1 Lori Dawn Bayless George appeals her conviction and sentence for driving while under the influence of intoxicating drugs. She argues that Arizona Revised Statutes ("A.R.S.") § 28–1381(A)(1) is unconstitution-

ally vague as applied to her. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶ 2 On August 14, 2009, at approximately 5:30 p.m., a witness observed George drive out of a shopping plaza's parking lot. According to the witness, George made a wide right turn and crossed traffic lanes before striking a curb "very hard[,] ... kicking up a lot of dirt and debris." Concerned about George's condition, the witness called the police. A Goodyear police officer responded and found George at a second shopping plaza. George's two children—a three-year-old and a ten-month-old—were both passengers in the vehicle.

¶ 3 Although George did not have her driver's license, she provided the officer with her correct name, address, and birth date. When asked if she remembered hitting the curb, she responded, "Yeah, I remember striking the curb, and it was probably because I took Ambien about three hours ago."

¶ 4 The officer observed that while "[George] seemed aware of what was going on," she also "seemed very tired [and] had a slow type response, slow demeanor to the questions I was asking ... [and] how she carried herself." At the police substation, a drug recognition expert confirmed the initial officer's observations, noting that George appeared "sleepy, real tired, heavy eyes, drowsy." George admitted to the officer that she had taken Ambien and Celexa—both central nervous system depressants—that day, and said several times that she was sorry, that she knew better, and that she should not have driven after taking those drugs. A blood test revealed that she had taken not only Ambien and Celexa, but also Benadryl, a third central nervous system depressant.

¶ 5 George was charged and tried on one count of aggravated driving or being in actual physical control of a vehicle while under the influence of intoxicating liquor or drugs and while a person under 15 years of age was in the vehicle (aggravated DUI), a class 6 felony,[1] in violation of A.R.S. §§ 28–

---

1. Although George was originally indicted on      two counts of aggravated DUI, one for each

1381(A)(1) and –1383(A)(3). George claimed that she was not guilty because her act of driving was not voluntary: the combination of drugs she took caused her to "sleep drive." The jury rejected George's defense and found her guilty. At sentencing, the trial court designated the offense a class 1 misdemeanor, revoked George's driving privileges, ordered her to serve 24 consecutive hours of jail time, and placed her on supervised probation for 18 months.

## DISCUSSION

¶ 6 George argues that although § 28–1381(A)(1) is not facially vague, it is unconstitutionally vague as applied to her because she had no notice that driving while impaired from Ambien would violate the statute. We review a statute's constitutionality de novo. *State v. Poshka*, 210 Ariz. 218, 219 ¶ 3, 109 P.3d 113, 114 (App.2005). But when a statute is challenged as vague, we strongly presume that it is constitutional, *State v. Kaiser*, 204 Ariz. 514, 517 ¶ 8, 65 P.3d 463, 466 (App.2003), and if possible, we "construe the statute to give it a constitutional meaning," *Poshka*, 210 Ariz. at 219 ¶ 3, 109 P.3d at 114. Because George did not raise this argument at trial, she has forfeited appellate review absent fundamental error. *State v. Henderson*, 210 Ariz. 561, 567 ¶ 19–20, 115 P.3d 601, 607 (2005).

¶ 7 Fundamental error is "error going to the foundation of the case, error that takes from the defendant a right essential to his defense, and error of such magnitude that the defendant could not possibly have received a fair trial." *Id.* at ¶ 19. To prevail under fundamental error review, a defendant must prove that fundamental error exists and that the error caused prejudice. *Id.* at ¶ 20. The first step in this analysis is determining whether error occurred. *State v. Silva*, 222 Ariz. 457, 459 ¶ 11, 216 P.3d 1203, 1205 (App. 2009).

¶ 8 George cannot demonstrate that any error occurred, for two reasons. First, she has no standing to claim that § 28–1381(A)(1) is vague. "[A] defendant whose conduct clearly falls within the legitimate purview of the statute has no standing to challenge the statute as vague." *State v. Anderson*, 199 Ariz. 187, 191 ¶ 15, 16 P.3d 214, 218 (App.2000). Section 28–1381(A)(1) prohibits driving while "under the influence of . . . any drug . . . if the person is impaired to the slightest degree." Driving under the influence is a strict liability offense that does not require proof of any culpable mental state. *State v. Zaragoza*, 221 Ariz. 49, 54 ¶ 20, 209 P.3d 629, 634 (2009). By driving while impaired from the influence of Ambien, Celexa, and Benadryl, George's conduct fell squarely within the statute's ambit. Thus, she cannot argue that the statute is vague.

¶ 9 Second, even if George had standing to raise this claim, the statute is not vague as applied to her. "A statute is unconstitutionally vague if it fails to provide 'person[s] of ordinary intelligence a reasonable opportunity to know what is prohibited' and fails to contain explicit standards of application to prevent arbitrary and discriminatory enforcement." *Poshka*, 210 Ariz. at 220 ¶ 5, 109 P.3d at 115 (quoting *Grayned v. City of Rockford*, 408 U.S. 104, 108–09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972)); *State v. Brown*, 207 Ariz. 231, 85 P.3d 109 (App.2004). A statute need not be drafted with absolute precision to satisfy due process. *State v. Lefevre*, 193 Ariz. 385, 390 ¶ 18, 972 P.2d 1021, 1026 (App. 1998).

¶ 10 Applying this test, § 28–1381(A)(1) clearly identifies the prohibited conduct: driving or being in actual physical control of a vehicle while under the influence of "liquor, *any* drug, a vapor releasing substance containing a toxic substance or any combination [thereof] if the person is impaired to the slightest degree." (Emphasis added). A person of ordinary intelligence would understand that the statute prohibits driving while under the influence of any drug if it impairs driving to the slightest degree. And because the statute establishes objective guidelines to offenders and law enforcement officers to determine when the statute will be violated, no danger of arbitrary or discriminatory enforcement exists. Section 28–1381(A)(1) is not unconstitutionally vague.

person under 15 years of age in the vehicle, the

State dismissed the second count before trial.

¶ 11 George nevertheless argues that the statute is vague, stating that: "A.R.S. § 28–1381(A)(1) is unconstitutionally vague as applied to Ms. George as it does not inform a person of average intelligence that taking a medication as prescribed and then going to bed can result in a felony conviction." Although at first blush George's argument might be read to claim that her conduct was involuntary, a closer look does not support such a reading. Indeed, George does not explicitly present an involuntariness argument or cite to authorities to support it, and has therefore forfeited appellate review of such a claim. *See State v. Lindner,* 227 Ariz. 69, 70 ¶ 3 n. 1, 252 P.3d 1033, 1034 n. 1 (App.2010). Moreover, such an argument would surely fail on appeal. The jury was properly instructed that it could find George guilty only if it found beyond a reasonable doubt that she committed a voluntary act, and this court is very deferential to jury determinations of factual issues. *See State v. Stroud,* 209 Ariz. 410, 411 ¶ 6, 103 P.3d 912, 913 (2005). We understand George to argue that the statute is vague because she had no notice that taking Ambien would have the side-effect of causing her to drive impaired.[2]

¶ 12 Due process does not require § 28–1381(A)(1) to specifically identify Ambien—by name or class—as prohibited to provide sufficient notice; all due process requires is that the statute give notice that impaired driving under the influence of any drug is prohibited. *See People v. Olive,* 112 Cal.Rptr.2d 687, 690 (Cal.App. Dep't Super. Ct.2001) (holding that "actual notice of each drug constituting a basis for prosecution under [California's DUI statute] is not required if a person is reasonably made aware of the proscribed conduct, namely, impaired driving ability resulting from ingestion of some substance"). Section 28–1381(A)(1) provides

that notice. Whether a particular drug may cause a driver to be impaired is the driver's responsibility. A person who takes a drug and then drives does so at his or her own risk. *Cf. State v. Thompson,* 138 Ariz. 341, 344, 674 P.2d 895, 898 (App.1983) ("It does make sense to require a person who drinks and drives to be responsible for not drinking to the point where he is under the influence of alcohol. He should drive at his peril rather than only at the public's peril.") (quoting *Morgan v. Municipality of Anchorage,* 643 P.2d 691, 692 (Alaska Ct.App.1982)) (emphasis omitted). Section 281381(A)(1) establishes a strict liability offense, *Zaragoza,* 221 Ariz. at 54 ¶ 20, 209 P.3d at 634, and the State need only show that the offender took "any drug" that caused impaired driving, not that the offender knew that the drug would cause impairment.

¶ 13 George relies heavily on this Court's decision in *State v. Boyd,* 201 Ariz. 27, 31 P.3d 140 (App.2001), to support her argument, but *Boyd* is inapposite. In that case, the defendant ingested a legal substance that, when metabolized, turned into a prohibited drug. *Id.* at 29 ¶ 10, 31 P.3d at 142. The defendant was charged and convicted of driving while having a dangerous drug in his body, a violation of A.R.S. § 28–1381(A)(3). *Id.* at ¶ 11. On appeal, the defendant claimed that the statute was vague as applied to him because the statute did not give notice that ingesting the legal substance in question would cause him to violate the statute. *Id.* at ¶ 12. This Court agreed, holding that a person of average intelligence and common knowledge would not be aware of the bodily process that turned the legal substance into the prohibited drug. *Id.*

¶ 14 In this case, however, no mysterious bodily process turned a legal substance into an illegal one. Section 28–1381(A)(1) directly

2. Our concurring colleague submits that we have mischaracterized George's argument, that George is not arguing that she had no notice that she should not drive while impaired by Ambien, but instead that she had no notice that Ambien might cause her to "sleep-drive" in an impaired state. Because the jury's guilty verdict necessarily rejected George's argument that she "slept-drove," our colleague suggests that the rejection of the factual predicate of her argument obviates any need to address the statute's constitutionali-

ty. But "sleep-driving" is merely a specific and extreme example of impaired driving. The question George squarely presents on appeal is whether the statute is unconstitutionally vague because it gave no notice that Ambien had the side-effect of causing her to drive impaired, whether through general impairment of her faculties or through "sleep-driving." The jury's apparent rejection of her defense that she did not commit a voluntary act does not answer that legal question.

prohibits driving while under the influence of *any* drug if the driver is impaired, and that is what George did. While the statute in *Boyd* gave no notice that ingesting the legal substance was illegal, § 28–1381(A)(1) explicitly gave notice that George should not take any drug and then drive impaired. Indeed, as a factual matter, the record belies George's claim that she was unaware of Ambien's effects. When the police officer asked her about her poor driving when she struck the street curb, she answered, "Yeah, I remember striking the curb, and it was probably because I took Ambien about three hours ago." She also told the officer conducting the drug examination that she had taken Ambien and Celexa that day and that she knew that she should not have driven.

¶ 15 George's argument thus fails. George was tried and convicted under a statute designed to prevent the very conduct she understood to be prohibited, and the statute provides sufficient notice of the prohibited conduct. Due process does not require that the statute list specific drugs or drug combinations that may cause impairment, and the risk that any particular drug may cause impairment falls on George. Accordingly, § 28–1381(A)(1) is not unconstitutionally vague as applied.

## CONCLUSION

¶ 16 For the foregoing reasons, we affirm George's conviction and sentence.

JOHNSEN, Chief Judge, specially concurring.

¶ 17 With respect, I believe the majority misconstrues George's argument. George does not argue she lacked notice that Ambien might impair her driving. She argues instead that she had no notice that Ambien might cause her to "sleep-drive" in an impaired state. More specifically, she argues that the fact that the legal drug she had taken might cause her to involuntarily "sleep-drive" was "unknown to a person of average intelligence and common experience." *See Boyd*, 201 Ariz. at 30, ¶ 20, 31 P.3d at 143. She thus contends that A.R.S. § 28–1381(A)(1) is unconstitutionally vague as applied to her conduct. *See id.* (statute

vague as applied because it did not give prescription-drug user adequate notice that drug's unknown side effects would violate statute).

¶ 18 My view is that we need not and should not reach George's constitutional attack on § 28–1381(A)(1) because the jury rejected the factual basis of that argument. George argues the Ambien she took caused her to involuntarily "sleep-drive." The jury, however, properly was instructed of the State's burden to prove she acted voluntarily. *See* A.R.S. §§ 13–105(42), –201; *State v. Lara*, 183 Ariz. 233, 234, 902 P.2d 1337, 1338 (1995). In convicting George, the jury necessarily concluded she was driving voluntarily, thereby rejecting her argument that she was "sleep-driving."

¶ 19 Accordingly, because the jury found George was not "sleep-driving" at the time she was stopped, I would not address her argument that the statute is unconstitutionally vague because she did not know that Ambien might cause her to "sleep-drive." *See R.L. Augustine Constr. Co. v. Peoria Unified Sch. Dist. No. 11*, 188 Ariz. 368, 370, 936 P.2d 554, 556 (1997) ("We will not reach a constitutional question if a case can be fairly decided on nonconstitutional grounds."); *Goodman v. Samaritan Health Sys.*, 195 Ariz. 502, ¶ 11, 990 P.2d 1061, 1064 (App.1999) ("It is sound judicial policy to avoid deciding a case on constitutional grounds if there are nonconstitutional grounds dispositive of the case.").

¶ 20 Although I do not join the majority's analysis, I join it in affirming George's conviction because the jury found she was driving voluntarily and because she does not contest she was impaired at the time.

Presiding Judge RANDALL M. HOWE delivered the opinion of the Court, in which Judge SAMUEL A. THUMMA joined and Chief Judge DIANE M. JOHNSEN specially concurred.