FILED
COURT OF APPEALS
DIVISION II

2015 FEB 18 AM 9: 20

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45228-6-II |
| Respondent, | |
| v. | |
| GERALD LEWIS YANAC, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, C.J. — Gerald Yanac appeals his bench trial conviction for first degree robbery. Yanac argues, and we agree, that insufficient evidence supports the conclusion that Yanac made an implied threat of immediate force. Accordingly, we reverse his first degree robbery conviction, dismiss it with prejudice, and remand for further proceedings.

## FACTS

In August 2012, Yanac entered a bank and approached the bank teller.[1] Yanac wore sunglasses and a baseball cap and appeared to be "fidgety" and "suspicious." Clerk's Papers (CP) at 116. He put a plastic bag on the counter at the teller's station and stated, "Money." CP at 116. Attempting to clarify Yanac's request, the bank teller inquired, "Money?" and he responded,

---

[1] The facts are undisputed. Br. of Appellant at 6 ("Here, the trial court's findings were based on undisputed facts.").

"Money." CP at 116. She put one and five dollar bills into the bag. When the bank teller stopped giving him money, Yanac stated, "More." CP at 116. She put more money into Yanac's bag until finally stating, "That's all." CP at 116. Yanac turned, left the bank, and was arrested about two hours later.

The State charged Yanac with possession of a stolen vehicle, first degree robbery, and first degree theft. After a bench trial on stipulated facts, the trial court convicted Yanac of theft of a motor vehicle and first degree robbery and dismissed the first degree theft charge. In addition to the facts stated above, the trial court found that Yanac had "leaned into [the bank teller]'s personal space" with the plastic bag, that the bank teller was "nervous and intimidated by [Yanac's] repeated demands for money," and that the bank teller felt that "she needed to comply to avoid harm to herself or others, and that it was also bank policy to comply with demands for money for the same reasons." CP at 116. Based on its findings of fact, the court concluded, in relevant part, "That [Yanac] impliedly threatened the immediate use of force through his actions and appearance while demanding the money from [the bank teller]'s person inside the Key Bank branch on Bay Street in Port Orchard, WA on August 15, 2012." CP at 117.

Yanac appeals his first degree robbery conviction.

ANALYSIS

I. INSUFFICIENT EVIDENCE OF AN IMPLIED THREAT

Yanac argues that insufficient evidence supports his conviction for first degree robbery. Specifically, he argues that the trial court's findings of fact do not support its conclusion that Yanac made an implied threat of immediate force. We agree and hold that the trial court's findings do not support the conclusion that Yanac impliedly threatened the immediate use of force.

2

No. 45228-6-II

## A. STANDARD OF REVIEW AND RULES OF LAW

When a defendant challenges the sufficiency of the evidence after a bench trial, our review is limited to determining whether substantial evidence supports the trial court's findings of fact and whether those findings support its conclusions of law. *State v. Homan*, 181 Wn.2d 102, 105-06, 330 P.3d 182 (2014). Unchallenged findings of fact are verities on appeal. *Homan*, 181 Wn.2d at 106. We review the trial court's conclusions of law de novo. *Homan*, 181 Wn.2d at 106. When arguing insufficient evidence on appeal, the defendant admits the truth of the State's evidence and all reasonable inferences that may be drawn from it. *Homan*, 181 Wn.2d at 106 (citing *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)).

> A defendant commits "robbery" when he
>
> unlawfully takes personal property from the person of another or in his or her presence against his or her will *by the use or threatened use of immediate force, violence, or fear of injury* to that person or his or her property or the person or property of anyone. Such force or fear must be used to obtain or retain possession of the property, or to prevent or overcome resistance to the taking; in either of which cases the degree of force is immaterial.

RCW 9A.56.190 (emphasis added). A robbery conviction may be supported by evidence of any threat that induces the owner to part with his property. *State v. Handburgh*, 119 Wn.2d 284, 293, 830 P.2d 641 (1992). The statutory definition of a "threat" includes both a direct or indirect intent to cause bodily injury, damage to property, or physical confinement or restraint. RCW 9A.04.110(28)(a)-(c); *State v. Shcherenkov*, 146 Wn. App. 619, 624-26, 191 P.3d 99 (2008), *review denied*, 165 Wn.2d 1037 (2009). We apply an objective test and ask "whether an ordinary person in the victim's position could reasonably infer a threat of bodily harm from the defendant's acts." *State v. Witherspoon*, 180 Wn.2d 875, 884, 329 P.3d 888 (2014).

3

## B. The Implied Threat

Because Yanac does not challenge the trial court's findings of fact, they are verities on appeal. *Homan*, 181 Wn.2d at 106. We, therefore, review the trial court's findings to determine whether, as a matter of law, they support the conclusion that Yanac "impliedly threatened the immediate use of force through his actions and appearance." CP at 117.

In *State v. Farnsworth*, ___ Wn. App. ___, 340 P.3d 890, 892-93 (2014), we addressed the same issue as in this case—the sufficiency of the evidence to establish an implied threat to a bank teller during an alleged robbery. We held that the defendant's actions did not amount to an implied threat because he "simply handed over a note instructing the teller to 'put the money in the bag' [and] did not insinuate that he would take further action if the teller did not comply with the note's instructions." *Farnsworth*, 340 P.3d at 894. We also rejected the argument that the teller's reaction is sufficient to justify finding an implicit threat of force. *Farnsworth*, 340 P.3d 894.

Here, we are faced with virtually identical facts. Yanac took the following actions: he walked into the bank; acted "fidgety"; moved the plastic bag into the bank teller's personal space; said three words, "Money," "Money," and "More"; and then left the bank. CP at 116. The trial court characterized the three words that Yanac spoke as "demands" for money. CP at 118. Regarding Yanac's appearance, the trial court found that he appeared suspicious and fidgety, that he was not a local customer of the bank, and that he was wearing a baseball cap and sunglasses.

In addition, the trial court relied on the fact that the bank teller "felt she needed to comply to avoid harm to herself or others." CP at 116. To the extent the trial court relied on the bank teller's subjective reaction to Yanac's conduct, this was error. The appropriate inquiry is whether an ordinary person in the bank teller's position could reasonably infer a threat of bodily harm from

4

Yanac's acts. *Witherspoon*, 180 Wn.2d at 884. On these facts, there was no suggestion inferred either from Yanac's conduct or his words that he threatened to use immediate force against the bank teller in order to enforce his demands for money. An ordinary person in the bank teller's position, therefore, could not reasonably infer a threat of bodily harm from Yanac's words and actions. We conclude that insufficient evidence supports this element of robbery.

## C. THE STATE'S ARGUMENT

The State relies on two cases to support its argument that there is sufficient evidence in this case: *Shcherenkov* and *State v. Collinsworth*, 90 Wn. App. 546, 966 P.2d 905 (1997), *review denied*, 135 Wn.2d 1002 (1998). But *Shcherenkov* is legally and factually distinguishable and we believe that the *Collinsworth* court's interpretation of an implied threat of force does not give effect to all words in the robbery statute, RCW 9A.56.190.

In *Shcherenkov*, the primary issue was whether a jury instruction that permitted the jury to find the threat element of robbery based on an implied threat was appropriate. 146 Wn. App. at 624-26. We held that an implied threat of force is sufficient to support a robbery conviction. *Shcherenkov*, 146 Wn. App. at 626. In this appeal, however, that question is not in dispute.

*Shcherenkov* is also factually distinguishable from this case. Shcherenkov was charged with four separate robberies, and we considered whether the facts were sufficient to find the necessary threat of immediate force or violence. *Shcherenkov*, 146 Wn. App. at 626-27. During the first three robberies, the defendant passed a note to the bank tellers that stated explicitly, "'This is a robbery.'" *Shcherenkov*, 146 Wn. App. at 622-23. During the fourth robbery, Shcherenkov's note said, "'Do not make any sudden movements or actions. I will be watching you.'" *Shcherenkov*, 146 Wn. App. at 623. During the fourth robbery, Shcherenkov also kept his hands

in his pockets. *Shcherenkov*, 146 Wn. App. at 623. We held that it was reasonable for the bank tellers to infer a threat of violence from the notes that stated explicitly that Shcherenkov was robbing them. *Shcherenkov*, 146 Wn. App. at 628-29. It was also reasonable for the teller in the fourth robbery to suspect that Shcherenkov had a gun because his hands were in his pockets and to infer a threat of violence from his statement that he would "be watching." *Shcherenkov*, 146 Wn. App. at 629.

Yanac, in contrast, merely appeared to be "suspicious" and "fidgety" and spoke three words: "Money," "Money," and "More." CP at 116. Yanac's conduct is factually distinguishable from Shcherenkov's conduct and is much more like the conduct in *Farnsworth*.

In *Collinsworth*, Division One of this court announced a broad rule for interpreting implied threats. Yanac argues that under *Collinsworth*, any demand for money in a bank would be a robbery. The State argues that *Collinsworth* should guide this court's decision in this case. We decline to follow *Collinsworth* here.

*Collinsworth* involved five robberies and one attempted robbery, each with slightly different facts. 90 Wn. App. at 548-50. In one case, the defendant walked into a bank and asked for "'twenties, fifties, and hundreds'" in a "'firm, direct'" tone. *Collinsworth*, 90 Wn. App. at 550. The teller asked if Collinsworth was serious, Collinsworth replied, "'[Y]es' . . . '[d]on't give me a dye pack,'" put the cash in his bag, and walked out. *Collinsworth*, 90 Wn. App. at 550. In another case, Collinsworth approached the teller and said, "'Give me all your fifties and hundreds.'" *Collinsworth*, 90 Wn. App. at 549. Because the teller did not understand, Collinsworth repeated his "demand" and the teller complied. *Collinsworth*, 90 Wn. App. at 549.

6

The *Collinsworth* court recognized that there was no Washington case law that provided guidance in determining what is "necessary to establish robbery in circumstances where the defendant does not utilize overt physical or verbal threats." 90 Wn. App. at 552. The court, therefore, decided to draw an analogy to federal case law interpreting the definition of "intimidation," an element of federal bank robbery. *Collinsworth*, 90 Wn. App. at 552-53.

In *United States v. Bingham*, 628 F.2d 548 (9th Cir. 1980), *cert. denied*, 449 U.S. 1092 (1981), the Ninth Circuit defined "intimidation" as "the willful taking in such a way as would place an ordinary person in fear of bodily harm." In *United States v. Lucas*, 963 F.2d 243, 244 (9th Cir. 1992), the defendant entered a bank, put a bag on the counter, and passed the teller a note that said, "'Give me all your money, put all your money in the bag.'" Lucas also told the teller verbally, "'Put it in the bag.'" *Lucas*, 963 F.2d at 244. The Ninth Circuit held that the defendant's written and oral demands, in addition to the teller's testimony that she was terrified, was sufficient to find intimidation. *Lucas*, 963 F.2d at 248.

The federal bank robbery statute at issue in *Bingham* and *Lucas* requires proof of "force and violence" or "intimidation." 18 U.S.C. § 2113(a). This statute is distinguishable from Washington's first degree robbery statute, RCW 9A.56.200, in two ways. First, the federal law applies only to bank robberies. Our statute applies to robberies in many different contexts. Second, the element of "intimidation" is not the same as Washington's "implied threat" element. Intimidation is defined as "the willful taking in such a way as would place an ordinary person in fear of bodily harm." *Bingham*, 628 F.2d at 548. But Washington's first degree robbery statute requires us to focus on the defendant's threatening *acts* separate from the taking of money or property and not the manner of the taking itself. *Witherspoon*, 180 Wn.2d at 884. The element of

a *defendant's* "threat," expressed or implied, is missing from the federal bank robbery statute. Thus, we do not find the federal cases persuasive.

> Division One affirmed each of Collinsworth's convictions and held that

> [i]n each incident, Collinsworth made a clear, concise, and unequivocal demand for money. He also either reiterated his demand or told the teller not to include "bait" money or "dye packs," thereby underscoring the seriousness of his intent. No matter how calmly expressed, an unequivocal demand for the immediate surrender of the bank's money, unsupported by even the pretext of any lawful entitlement to the funds, is fraught with the implicit threat to use force. "Any force or threat, no matter how slight, which induces an owner to part with his property is sufficient to sustain a robbery conviction."

*Collinsworth*, 90 Wn. App. at 553-54 (quoting *State v. Ammlung*, 31 Wn. App. 696, 704, 644 P.2d 717 (1982)). Based on this reasoning, any demand for money from a bank to which a defendant has no legal right is an implicit threat of force and, therefore, a robbery. However, Division One's broad interpretation of an implicit threat does not give meaningful effect to all of the words in the robbery statute, RCW 9A.56.190, and blurs the line between theft and robbery.

Where possible, we give effect to all words in a statute. *State v. Roggenkamp*, 153 Wn.2d 614, 624-25, 106 P.3d 196 (2005). First degree robbery requires the State to prove (1) the taking of "personal property from the person of another" and (2) that the taking was done "by the use or threatened use of immediate force, violence, or fear of injury to that person." RCW 9A.56.190. First degree theft, in contrast, requires the State to prove only that the defendant committed theft of "[p]roperty of any value . . . taken from the person of another." RCW 9A.56.030(1)(b).

The plain language of the first degree theft and first degree robbery statutes show that the legislature recognized that there are circumstances where a defendant could take personal property from the person of another without a threat of immediate force, violence, or fear of injury. As the language of the first degree theft statute confirms, the legislature did not intend to punish

8

defendants for first degree robbery who take property from another without a direct or implied threat but intend to punish them instead for first degree theft. Robbery is intended to punish the taking by force or threat of force and not just the taking. *Witherspoon*, 180 Wn.2d at 888 ("'The nature of the crime of robbery includes the threat of violence against another person.'" (quoting *State v. Rivers*, 129 Wn.2d 697, 713, 921 P.2d 495 (1996))).

But if any demand for money in a bank establishes a threat of violence, the distinction between robbery and first degree theft is blurred considerably and the clear, statutory requirement that the State prove that a threat occurred becomes meaningless. In *Farnsworth*, we agreed that a robbery conviction based on its facts would have blurred the lines between theft and robbery and that if the legislature wanted "to define all thefts from financial institutions as robberies, it may act accordingly." 340 P.3d at 895 n.7. The legislature has not acted to do this.

Yanac entered the bank, looked suspicious and fidgety, put a bag on the counter in front of the bank teller, and "demanded" money by saying, "Money," "Money," and "More." CP at 116. In order to find a threat of immediate force here, the trial court must have inferred that Yanac's demand implied that if the bank teller did not comply, immediate force would be the consequence. Like in *Farnsworth*, however, this inference is simply not reasonable where Yanac's actions did not insinuate any threat of violence. Even making all reasonable inferences from this evidence in the State's favor, this evidence is insufficient to support a conclusion that Yanac made an implied threat of immediate force.

Accordingly, we hold that the trial court's findings do not support the conclusion that Yanac made an implied threat of immediate force because an ordinary person in the bank teller's position could not have reasonably inferred such a threat from Yanac's words or conduct. Where

9

there is insufficient evidence as a matter of law to support a conviction, Yanac is entitled to dismissal with prejudice of his first degree robbery conviction. *State v. Crediford*, 130 Wn.2d 747, 761, 927 P.2d 1129 (1996). We reverse his first degree robbery conviction, dismiss it with prejudice, and remand for proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, C.J.

We concur:

MAXA, J.

LEE, J.